LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 10-6494 GAF (FFMx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Charles Chidiac et al v. Leonie Industries, LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     **(In Chambers)**

## ORDER TO SHOW CAUSE

Plaintiffs Charles Chidiac ("Charles"), Kassem Al Khalil, and Melkart International S.A.L. ("Melkart") (collectively, "Plaintiffs") sued Defendants Leonie Industries, LLC ("Lonie Industries"), Leonie Industries, a Partnership ("Partnership"), Rema Dupont ("Rema"), and Camille Chidiac ("Camille") (collectively, "Defendants"). Plaintiffs allege that their claims fall within this Court's jurisdiction pursuant to 28 U.S.C. § 1332 (Compl. ¶ 8), but it has failed to properly plead diversity of citizenship.

Section 1332 confers federal courts with original jurisdiction over "all civil actions where the matter in controversy exceeds...$75,000...and is between...citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998); In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff.") (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). Therefore, to establish diversity, Plaintiffs must properly allege the citizenship of every party in this action.[1]

---

[1] "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989)). "To be a citizen of a state, a natural person must first be a citizen of the United States. [Citation.] The natural person's state citizenship is then determined by her state of domicile, not her state of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6494 GAF (FFMx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Charles Chidiac et al v. Leonie Industries, LLC et al | | |

  Here, Plaintiffs' complaint contains several defects that must be addressed before this Court can proceed under diversity jurisdiction.  Plaintiffs allege that Charles is a dual citizen of both the United States and Lebanon, and resides in Beirut, Lebanon. (Compl.¶ 1.)  Plaintiffs must allege Charles' state of citizenship in the United States for domicile purposes.  Further, Plaintiffs insufficiently  pled the citizenship of MelKart and Leonie Industries, LLC.  Though the complaint makes clear Leonie Industries is a California limited liability corporation (id. ¶ 4), and that MelKart is a Lebanese corporation (id. ¶ 3), Plaintiffs must also allege the state or country in which the corporations possess their principle places of business.  As to Rema and Camille, the complaint alleges that each reside in California.  (Id. ¶¶ 6-7).  To properly invoke this Court's subject matter jurisdiction, Plaintiffs must allege both Rema and Camille's state of citizenship.

  Plaintiffs are therefore **ORDERED TO SHOW CAUSE, no later than Friday, October 8, 2010**, why this case should not be dismissed for lack of subject matter jurisdiction.  A written memorandum addressing the Court's concerns shall constitute a sufficient response to this order.

  **IT IS SO ORDERED.**

---

residence." Kanter, 265 F.3d at 857; see also Mantin v. Broad. Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957) (allegation that Plaintiff was "residing in the County of Los Angeles, State of California" failed to establish Plaintiff's citizenship and thus diversity jurisdiction did not exist).